FILED

OCT 05 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JUSTIN TATUM,**<br>Plaintiff,<br><br>v.<br><br>**MARK A. ANDERSON LAW FIRM, P.C. d/b/a ANDERSON INJURY LAWYERS, and JOHN DOE d/b/a WAVE NETWORK,**<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 489<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Justin Tatum ("Plaintiff"), proceeding pro se, files this Original Complaint against Defendants Mark A. Anderson Law Firm, P.C. d/b/a Anderson Injury Lawyers ("Anderson") and John Doe d/b/a Wave Network ("Wave Network") (collectively, "Defendants"), and respectfully shows the Court as follows:

### I. PARTIES

1. Plaintiff Justin Tatum is a natural person residing in Tyler, Smith County, Texas.

2. Defendant Mark A. Anderson Law Firm, P.C. is a Texas professional corporation doing business as Anderson Injury Lawyers. Anderson may be served through its registered agent, Mark A. Anderson, at 1310 W. El Paso Street, Fort Worth, Texas 76102, or wherever he may be found.

3. Defendant John Doe d/b/a Wave Network is a person or entity whose true legal name and address are presently unknown to Plaintiff. Wave Network identified itself by that name during the telephone solicitation described below. Plaintiff will seek leave to amend this Complaint to state Wave Network's true name and serve it once that information is obtained through discovery.

## II. JURISDICTION AND VENUE

4. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

5. This Court has supplemental jurisdiction over Plaintiff's Texas-law claims under 28 U.S.C. § 1367(a) because those claims arise from the same telephone-solicitation campaign and form part of the same case or controversy.

6. This Court has personal jurisdiction over Anderson because it is a Texas professional corporation. This Court has personal jurisdiction over Wave Network because it directed telephone solicitations to Plaintiff in Texas and transferred Plaintiff to a Texas law firm for the purpose of obtaining a Texas client.

7. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here. Plaintiff received the calls and text messages at issue in Smith County, Texas.

## III. FACTUAL ALLEGATIONS

### A. Plaintiff's Telephone Number

8. At all relevant times, Plaintiff was the subscriber and sole user of the cellular telephone number (214) 997-2985 (the "Number").

9. The Number is assigned to a cellular telephone service. Plaintiff uses the Number for personal and residential purposes. It is not a business line.

10. Plaintiff has held and used the Number as his cellular telephone number before and throughout the events alleged in this Complaint.

11. Plaintiff never provided the Number to Anderson or Wave Network before the calls described below. Plaintiff never gave either Defendant prior express consent, or prior express written consent, to call the Number using an artificial or prerecorded voice or otherwise.

**B. The Prerecorded Accident-Solicitation Calls**

12. On August 6, 2026, Plaintiff received at least three unsolicited telephone calls to the Number concerning whether he had been involved in an automobile accident.

13. Each call began with an artificial or prerecorded voice message asking whether Plaintiff had been involved in an automobile accident.

14. The calls began with an artificial or prerecorded message asking whether Plaintiff had been involved in an automobile accident. No live person was on the line when the prerecorded portion of the calls connected.

15. Plaintiff had not requested information about legal services. Plaintiff had not contacted Anderson, Wave Network, or any other law firm or legal referral service about an automobile accident before the calls began.

**C. The Transfer to Anderson Injury Lawyers**

16. On the third call, Plaintiff stayed on the line to identify the persons and entities responsible for the calls.

17. After the prerecorded message, Plaintiff was transferred to a live sales associate.

18. The sales associate transferred Plaintiff to an individual who identified himself as a "Senior Claims Investigator" with "Wave Network."

19. The Wave Network representative then transferred Plaintiff directly to an intake representative named Melissa with Anderson Injury Lawyers.

20. The solicitation therefore followed a single, continuous sequence: prerecorded accident message, to sales associate, to Wave Network, to Anderson Injury Lawyers.

21. During the transferred call, Anderson's intake personnel obtained Plaintiff's name, telephone number, and information concerning the purported automobile accident.

**D. Anderson's Follow-Up Communications**

22. At approximately 10:10 a.m. on August 6, 2026, Plaintiff received a text message from Melissa with Anderson Injury Lawyers. The message stated that the firm was following up to see whether Plaintiff still needed legal help.

23. Later that day, Anderson sent Plaintiff a second message asking for photographs of the damage to Plaintiff's vehicle to move Plaintiff's potential case forward.

24. Anderson later sent Plaintiff written correspondence stating that it had reviewed his potential case.

25. Anderson's possession of Plaintiff's name, the Number, and accident information within hours of the calls shows that Anderson received Plaintiff as a lead from the solicitation campaign.

26. Plaintiff never signed a contract for legal services with Anderson or any other law firm as a result of the solicitation.

**E. Pre-Suit Demand**

27. Before filing this action, Plaintiff sent Anderson a written demand describing the calls and the resulting alleged violations of federal and Texas law. The demand offered Anderson an opportunity to resolve the matter without litigation.

28. Anderson did not respond to the demand.

**F. Chapter 302 Registration**

29. Before filing this action, Plaintiff searched Texas records for telephone-solicitation registrations under Texas Business & Commerce Code Chapter 302 and did not locate a registration certificate for Anderson or Wave Network applicable to the calls at issue.

**G. Preservation and Harm**

30. Plaintiff preserved his call log, contemporaneous notes, the text messages, and Anderson's written correspondence.

31. The calls invaded Plaintiff's privacy, intruded on his seclusion, occupied his telephone line, and wasted his time. These are the harms Congress sought to prevent in enacting the TCPA.

## IV. VICARIOUS LIABILITY

32. A seller may be held vicariously liable under federal common-law agency principles for TCPA violations committed by third-party telemarketers acting on its behalf, including through actual authority, apparent authority, or ratification. *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016).

33. The calls had one commercial purpose: to generate a personal-injury client for Anderson. The campaign ended with Plaintiff transferred live, mid-call, into Anderson's intake operation.

34. A live transfer requires coordination between the caller and the receiving firm. Anderson's intake representative was available to accept the transfer, took Plaintiff's information, and began pursuing representation the same day.

35. On information and belief, the originating caller and Wave Network acted as Anderson's agents, lead generators, or referral sources under an agreement by which Anderson received, and paid for or otherwise compensated, transferred prospective clients.

36. Alternatively, Anderson ratified the solicitation by knowingly accepting the lead, using Plaintiff's information, and pursuing Plaintiff as a client.

37. The agreements, payment records, lead-source data, CRM entries, call recordings, transfer logs, and consent records showing the relationship among Anderson, Wave Network, and the originating caller are within Defendants' exclusive possession and will be developed in discovery.

## V. CAUSES OF ACTION

**COUNT I — Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) (Artificial or Prerecorded Voice Calls) — Against All Defendants**

38. Plaintiff incorporates paragraphs 1 through 37.

39. Defendants, directly or through persons alleged to have acted on their behalf, made at least three calls to the Number, a cellular telephone number, using an artificial or prerecorded voice.

40. The calls were telemarketing calls made to solicit legal services. Plaintiff did not give the prior express consent required by 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff also did not give the prior express written consent that 47 C.F.R. § 64.1200(a)(2) separately requires for telemarketing calls made with an artificial or prerecorded voice.

41. The calls were not made for emergency purposes.

42. Each call is a separate violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii).

43. Plaintiff seeks statutory damages of $500 for each violation under 47 U.S.C. § 227(b)(3)(B) and, if the Court finds that Defendants willfully or knowingly violated the statute, increased damages of up to $1,500 for each violation under § 227(b)(3).

**COUNT II — Texas Business & Commerce Code § 305.053 — Against All Defendants**

44. Plaintiff incorporates paragraphs 1 through 43.

45. Section 305.053 provides a private right of action to a person who receives a communication that violates 47 U.S.C. § 227 or a regulation adopted under it.

46. Each call that violated the TCPA as alleged in Count I is a separate violation of § 305.053.

47. Plaintiff seeks the greater of $500 or his actual damages for each violation under § 305.053(b) and, if the Court finds that Defendants acted knowingly or intentionally, increased damages of up to $1,500 for each violation under § 305.053(c).

**COUNT III — Texas Business & Commerce Code §§ 302.101, 302.302(a), and 302.303 (Unregistered Telephone Solicitation) — Against All Defendants**

48. Plaintiff incorporates paragraphs 1 through 37.

49. Each Defendant is a "seller" within the meaning of Chapter 302 because each made, or caused to be made, telephone solicitations to induce Plaintiff to purchase legal services.

50. Plaintiff is a "purchaser" located in Texas. Each call was a telephone solicitation made to Plaintiff while he was located in Texas.

51. Neither Defendant held a registration certificate under Chapter 302 for the business location from which the solicitations were made. No exemption under Subchapter B applies.

52. Each call is a separate violation of § 302.101. Under § 302.302(a), a person who violates Chapter 302 is subject to a civil penalty of not more than $5,000 for each violation.

Plaintiff seeks the civil penalty authorized by § 302.302(a) for each violation proven. Federal courts in Texas have awarded this penalty to private plaintiffs for violations of § 302.101. *See Thompson v. Dealer Renewal Servs.*, No. 4:21-cv-00467-P, 2021 U.S. Dist. LEXIS 223424 (N.D. Tex. Nov. 18, 2021) (awarding $5,000 for each of 28 calls).

53. In the alternative, and independently, each violation of Chapter 302 is a false, misleading, or deceptive act or practice under Texas Business & Commerce Code § 17.46, as provided by § 302.303. Plaintiff seeks the remedies available under Subchapter E of Chapter 17, subject to the applicable statutory prerequisites. Before filing this action, Plaintiff gave Anderson written notice of his claims.

**COUNT IV — Civil Liability for Prohibited Barratry, Texas Government Code § 82.0651(c)–(d) — Against All Defendants**

54. Plaintiff incorporates paragraphs 1 through 37.

55. Section 82.0651(c) authorizes a person who was solicited by conduct violating Texas Penal Code § 38.12(a) or (b), or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct, but who did not enter into a contract as a result, to sue any person who committed barratry.

56. Texas Penal Code § 38.12(a) prohibits a person, with intent to obtain an economic benefit, from soliciting employment by telephone for himself or for another, § 38.12(a)(2), or paying or offering anything of value to another person to solicit employment, § 38.12(a)(3).

57. Texas Penal Code § 38.12(b) prohibits a person from knowingly financing the commission of an offense under subsection (a), § 38.12(b)(1), and prohibits a professional from knowingly accepting employment within the scope of the person's license that results from solicitation prohibited by subsection (a), § 38.12(b)(3).

58. Wave Network and the originating caller solicited Plaintiff by telephone for legal employment on behalf of Anderson, with intent to obtain an economic benefit, in violation of § 38.12(a)(2).

59. On information and belief, Anderson paid or otherwise compensated Wave Network or the originating caller for soliciting prospective clients, in violation of § 38.12(a)(3) and (b)(1). This belief rests on the facts that Plaintiff was transferred live and directly into Anderson's intake operation, that Anderson's intake representative was ready to receive the transfer, and that Anderson followed up the same day by text message and later by case-review correspondence. Lead generators do not ordinarily deliver live transfers to a law firm without an agreement for compensation, and the records of any such agreement are within Defendants' exclusive possession.

60. Anderson accepted the transferred solicitation, took Plaintiff's information, and pursued Plaintiff as a personal-injury client. On information and belief, Anderson knew, or deliberately avoided knowing, that the prospective employment resulted from telephone solicitation prohibited by § 38.12(a), because Plaintiff arrived by live transfer from a third-party solicitation chain rather than by Plaintiff's own inquiry. This conduct violated § 38.12(b)(3) and Rule 7.03.

61. Plaintiff did not enter into a contract for legal services as a result of the solicitation.

62. Under § 82.0651(d), as amended effective September 1, 2025, Plaintiff shall recover from each person who engaged in barratry: (1) a penalty of $50,000; (2) actual damages caused by the prohibited conduct; and (3) reasonable and necessary attorney's fees, to the extent incurred.

## VI. JURY DEMAND

63. Plaintiff demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Justin Tatum respectfully requests that Defendants be served with process and required to answer, and that, after trial or other appropriate proceedings, the Court enter judgment for Plaintiff against Defendants, jointly and severally where legally applicable, awarding:

a. statutory damages under 47 U.S.C. § 227(b)(3) of $500 for each violation, increased to up to $1,500 for each violation the Court finds willful or knowing (Count I);

b. damages under Texas Business & Commerce Code § 305.053 of the greater of $500 or actual damages for each violation, increased to up to $1,500 for each violation the Court finds knowing or intentional (Count II);

c. the civil penalty under Texas Business & Commerce Code § 302.302(a) of not more than $5,000 for each violation of § 302.101 or, in the alternative, the remedies available under § 302.303 and Subchapter E of Chapter 17 (Count III);

d. the $50,000 penalty under Texas Government Code § 82.0651(d) from each person proven to have engaged in barratry, together with actual damages caused by the prohibited conduct (Count IV);

e. reasonable and necessary attorney's fees, where authorized and incurred;

f. taxable costs of court;

g. pre-judgment and post-judgment interest as allowed by law; and

h. all other relief to which Plaintiff shows himself entitled, without duplicative recovery for the same injury.

Dated: October 5, 2026

Respectfully submitted,

Justin Tatum, Pro Se
471 Utah Avenue
Tyler, Texas 75704
Telephone: (214) 997-2985
Email: justintatum212@hotmail.com